Arturo BLANCAS ALCARAZ;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–74589.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Michael Grim, Law Office of Fernando Quinones, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Arturo Blancas Alcaraz, his wife Irma Blancas, and their two sons, Sergio A. Blancas and Ismael Blancas, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider petitioners' contentions that the agency failed to consider certain hardship factors and gave insufficient weight to evidence concerning the health of the two adult petitioners, because the contentions are not supported by the record and do not state colorable constitutional claims. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005); *see also Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Petitioners' contention that the IJ violated due process by limiting Ismael's testimony is unavailing, because the proceedings were not "so fundamentally unfair that [petitioners] were prevented from reasonably presenting [their] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, petitioners failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

Petitioners Sergio and Ismael are ineligible for cancellation of removal because they lack a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D).

**PETITION FOR REVIEW DISMISSED, in part, DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.